**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **DAN LEPORE & SONS COMPANY,** | : | **Case No. 25-14757 (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |

**ORDER AUTHORIZING DEBTOR TO (A) CONTINUE TO MAINTAIN AND USE EXISTING BANK ACCOUNTS, (B) MAINTAIN BUSINESS FORMS AND (C) GRANTING RELATED RELIEF**

**AND NOW,** upon consideration of the Motion of Debtor for entry of an Order Authorizing the Debtor to (a) continue to Maintain and Use Existing Bank Accounts, (b) Maintain Use of Existing Business Forms, and (c) granting related relief (the "Motion")[1] and good and sufficient notice of the hearing on the Motion having been provided; and the Court having considered the moving papers, the opposition thereto, if any, and the arguments of counsel; and good cause appearing for the entry of this Order,

**IT IS ORDERED** as follows:

1. The Debtor is authorized to: (a) designate, maintain and continue to use any or all of its Bank Accounts, in the name of "*Dan Lepore & Sons Company*" and with the account numbers existing immediately before the Petition Date; (b) deposit funds in and withdraw funds from these Bank Accounts by all usual means, including, without limitation, checks, wire transfers, automated transfers and other debits; (c) pay any ordinary course bank fees and credit card processing fees incurred in connection with the existing Bank Accounts that come due after the Petition Date, and perform its obligations under the documents and arrangements governing the existing Bank Accounts; and (d) treat its pre-petition Bank Accounts for all purposes as

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings ascribed to them in the Motion.

debtor-in-possession accounts.

2. Those account agreements existing between the Debtor and the Existing Banks shall continue to govern the post-petition banking relationship between the Debtor and the Existing Banks and all of the provisions of such agreements (including the banks' rights to remedy any overdraft from funds later deposited in the respective Bank Account) shall remain in full force and effect absent further order of the Court or unless the Debtor and the Existing Banks agree otherwise.

3. The Existing Banks are hereby authorized to deduct the applicable fees and expenses associated with the deposit (and case management services, if any) rendered to the Debtor that come due after the Petition Date from the appropriate Bank Account of the Debtor and to charge back to, take and apply reserves from, the appropriate Bank Account of the Debtor any amounts resulting from returned checks or other returned items.

4. The Existing Banks may rely on the representation of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and the Existing Banks shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

5. The Debtor is authorized to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its discretion, provided, however, that the Debtor gives notice within fourteen (14) days to the Office of the United States Trustee for the Eastern District of Pennsylvania and any statutory committees appointed in this chapter 11 case; provided, further, however that the Debtor shall open any such new bank account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for

the Eastern District of Pennsylvania, or at such banks that are willing to immediately execute such an agreement.

6. The Debtor is authorized, but not directed, to continue using its existing Business Forms without reference to its status as a debtor-in-possession; provided that once the Debtor's existing checks have been used, the Debtor shall, when reordering checks, require the designation "Debtor-in-Possession" and the corresponding bankruptcy case number on all checks; provided further that, with respect to checks which the Debtor or its agents print themselves, the Debtor shall begin printing the "Debtor-in-Possession" legend and the bankruptcy case number on such items within fourteen (14) days of the date of entry of this Order.

7. The Debtor shall maintain accurate and detailed records of all transfers so that all transactions may be readily ascertained, traced, recorded properly and distinguished between pre-petition and post-petition transactions.

**BY THE COURT:**

Dated: __________ ________________________________________

UNITED STATES BANKRUPTCY JUDGE