**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **DAN LEPORE & SONS COMPANY,** | : | **Case No. 25-14757 (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |

**INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL AND THE GRANT OF ADEQUATE PROTECTION**

**AND NOW,** upon consideration of the Motion of Debtor for Entry of an Order, Pursuant to 11 U.S.C. § 363(c) and Fed. R. Bankr. P. 4001, Authorizing Debtor to Use Cash Collateral and Provide Adequate Protection (the "Motion"), and after notice and hearing, it is hereby **ORDERED** that:

1. The Debtor is authorized to use "cash collateral" as that term is defined in § 363(a) of the Bankruptcy Code ("Cash Collateral") during the period from the date of the commencement of its Chapter 11 case (the "Petition Date") through December _____, 2025.

2. The Debtor's use of Cash Collateral through December _____, 2025, shall be for the purposes of paying all reasonable and necessary expenses related to the operation of its business, including all trust fund payroll and sales taxes, in accordance with the budget attached to this Order as Exhibit "A."

3. To the extent of any diminution in value of the pre-petition Cash Collateral of Wells Fargo Bank, National Association ("Wells Fargo"), Wells Fargo is hereby granted valid, binding, enforceable and perfected post-petition replacement liens on the Debtor's assets which are created, acquired, or arise after the Petition Date, but limited to only those types and descriptions of collateral in which Wells Fargo holds a pre-petition lien or security interest (the "Replacement

Liens"). The Replacement Liens shall have the same priority and validity as Wells Fargo's pre-petition security interests and liens.

4. This Order authorizing the use of Cash Collateral shall be sufficient and conclusive evidence of the validity of Wells Fargo's Replacement Liens upon the Debtor's post-petition Cash Collateral without the necessity of filing or recording by Wells Fargo of any financing statements, or other documents which may otherwise be required under the laws of any jurisdiction or the taking of any action to validate or protect the post-petition replacement security interests and liens granted to Wells Fargo by this Order.

5. This Order is without prejudice to the rights of the Debtor, its creditors, any trustee appointed herein, or other parties in interest, to contest the validity, extent or priority of any rights granted to Wells Fargo by any pre-petition loan agreement or any security interest arising out of or related to any such pre-petition loan agreement.

6. This Order is without prejudice to the rights of the parties to seek any further or different relief after the expiration of this interim period or modification of this Order.

7. A further hearing to consider whether the Debtor's use of Cash Collateral can be extended beyond December _____, 2025, shall be held on **December _______, 2025 at ______ _.m. in Courtroom No. [•], United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107**.

8. A copy of this Order shall be served on or before November _____, 2025, by the Debtor's counsel upon (i) the twenty (20) largest unsecured creditors in this bankruptcy case, (ii) the Office of the United States Trustee, (iii) all parties who have timely filed requests for notices under Bankruptcy Rule 2002, (iv) Wells Fargo or its counsel (if known), and (v) all parties known

to the Debtor to have liens on or a security interest in Cash Collateral.

**BY THE COURT:**

Dated: ____________ ________________________________________

UNITED STATES BANKRUPTCY JUDGE