**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **DAN LEPORE & SONS COMPANY,** | : | **Case No. 25-14757 (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |

**ORDER**

**AND NOW,** upon consideration of the Motion (the "Motion")[1] of Dan Lepore & Sons Company (the "Debtor") for an Order (A) authorizing, but not directing, the Debtor to pay certain pre-petition (i) wages, salaries, union dues, union benefits, and other compensation that remain unpaid (together with the Uncashed Checks, the "Unpaid Compensation"); (ii) payroll deductions, including, without limitation, garnishments, child support, and similar deductions (collectively, the "Deductions"); (iii) the withheld amounts related to federal, state, and local income taxes, social security and Medicare taxes, and the Debtor's matching amounts for Social Security and Medicare taxes and additional amounts for federal and state unemployment insurance (the "Payroll Taxes"); (iv) certain work-related expenses incurred by the Employees on behalf of the Debtor (the "Reimbursable Expenses"); and (v) amounts accrued in relation to the Debtor's benefits programs, including health insurance, vacation time and other paid leaves of absence, and a discretionary profit sharing plan (collectively, the "Employee Benefit Programs"); (B) confirming that the Debtor may continue its Employee Benefit Programs in the ordinary course of business; and (C) authorizing and directing banks and other financial institutions to receive, process, honor, and pay all checks presented for payment and electronic

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

payment requests relating to the foregoing, and after notice and hearing, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Debtor is authorized, but not directed, to honor and pay upon entry of this Order the Employee Obligations in accordance with the Debtor's stated policies and pre-petition practices, including, but not limited to, pre-petition amounts owed in connection with Unpaid Compensation.

3. The Debtor will not pay Employees amounts in excess of the $15,150.00 cap imposed by section 507(a)(4) and (5) of the Bankruptcy Code.

4. The Debtor is authorized, but not directed, to continue to allocate and distribute the Deductions and the Payroll Taxes in accordance with the Debtor's stated policies and pre-petition practices.

5. The Debtor is authorized, but not directed, to pay all processing fees associated with, and all costs incident to, payment of the Unpaid Compensation.

6. The Debtor is authorized, but not directed, to pay the Reimbursable Expenses in accordance with the Debtor's stated policies and pre-petition practices.

7. The Debtor is authorized, but not directed, to honor the Employee Benefit Programs, and pay any unpaid claim, or amount owed as of the Petition Date, including, but not limited to, honoring (i) the Health Insurance Plan, (ii) Vacation Time and Leaves of Absence and (iii) the Profit Sharing Plan.

8. The Debtor is authorized, but not directed, to pay all processing fees associated with, and all costs incident to, payment of the Employee Obligations, Unpaid Compensation, Employee Benefits and the Reimbursable Expenses.

9. The Debtor may, in its sole discretion, continue its pre-petition Employee Benefit Programs in the ordinary course of business and pay any amounts owed with respect thereto in the ordinary course of business.

10. The banks and financial institutions on which checks were drawn or electronic payment requests were made in payment of the pre-petition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and that all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order.

11. The Debtor is authorized to reissue any check or electronic payment that originally was given in payment of any pre-petition amount authorized to be paid under this Order and is not cleared by the applicable bank or other financial institution.

12. Nothing herein shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code.

13. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion.

14. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**BY THE COURT:**

Dated: _______ ______________________________________

UNITED STATES BANKRUPTCY JUDGE