**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **DAN LEPORE & SONS COMPANY,**[1] | : | **Case No. 25-14757 (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER**
**PROVIDING UTILITY COMPANIES WITH ADEQUATE ASSURANCE**
**OF PAYMENT PURSUANT TO 11 U.S.C. § 366**

Dan Lepore & Sons Company (the "Debtor"), by and through its proposed counsel, Karalis PC, hereby requests the entry of an Order providing utility companies with adequate assurance of payment pursuant to 11 U.S.C. § 366 (the "Motion"). In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested by this Motion are sections 105(a) and 366 of the Bankruptcy Code.

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under Title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

[1] The last four digits of the Debtor's federal tax identification number are (3562). The Debtor has an address at 501 Washington Street, Conshohocken, PA 19428.

6. A description of the Debtor's business and the facts precipitating the filing of its Chapter 11 proceeding is set forth in the Declaration of Gregory J. Lepore in Support of Chapter 11 Petition and First Day Motions filed contemporaneously herewith. Those facts, to the extent relevant, are incorporated herein by reference.

**RELIEF REQUESTED**

7. The Debtor seeks the entry of an Order (the "Proposed Order"), in the form attached hereto, pursuant to 11 U.S.C. § 366 providing the utility companies (individually, a "Utility Company," and collectively, the "Utility Companies"), listed on Exhibit "A," with adequate assurance of payment.

8. The Proposed Order (a) sets forth a determination that the Utility Companies have been provided with adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code; (b) approves the Debtor's proposed offer of adequate assurance and procedures whereby the Utility Companies may request additional or different adequate assurance; (c) prohibits the Utility Companies from altering, refusing, or discontinuing services on account of pre-petition amounts outstanding and on account of any perceived inadequacy of the Debtor's proposed adequate assurance and (d) sets forth a determination that the Debtor is not required to provide any additional adequate assurance, beyond what is proposed by this Motion.

9. In connection with its business operations, the Debtor obtains electric, gas, water, telephone and other utility services (the "Utility Services") from the Utility Companies.

10. In order for the Debtor to continue to operate its business, the Debtor must continue to receive services from the Utility Companies. Loss of the Utility Services or even a temporary interruption thereof would be extremely harmful to the Debtor. The Debtor estimates that the peak

monthly utility payments to the Utility Companies is approximately $10,000.04 as indicated on Exhibit "A." Therefore, the Debtor proposes to make deposits totaling $5,000.02.

11. Uninterrupted utility services are essential to the Debtor's ongoing operations and eventual reorganization. Should one or more of the Utility Companies discontinue service even for a brief period, the Debtor's operations would be severely disrupted, if not shut down. It is critical that utility services continue uninterrupted.

**Adequate Assurance of Payment**

12. Section 366 of the Bankruptcy Code prohibits utility companies from altering, refusing or discontinuing service to a debtor for the first twenty (20) days of a bankruptcy case (the "Utility Stay Period"). Upon expiration of the Utility Stay Period, section 366 provides that a utility company may terminate service if a debtor has not provided such utility with adequate assurance of payment. Section 366(c)(1)(A) provides that the "'assurance of payment' means (i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility company and the debtor or trustee." *See*, 11 U.S.C. § 366(c)(1)(A).

13. In accordance with 11 U.S.C. § 366(c)(1)(A), the Debtor proposes to provide a security deposit equal to approximately one-half month's estimated peak utility consumption (the "Utility Deposit") to each Utility Company listed on Exhibit "A," within twenty (20) business days after the entry of an Order granting this Motion.

14. Courts in the Third Circuit have granted relief similar to that requested herein. *See, e.g., DigitalSpeed Communications, Inc.*, Case No. 25-10500(AMC) (Bankr. E.D. Pa. February 6, 2025); *Turning Points for Children*, Case No. 24-11479(AMC) (Bankr. E.D. Pa. May 3, 2024); *In re New Way Machine Components, Inc.*, Case No. 24-11362(AMC) (Bankr.

E.D. Pa. April 25, 2024); *In re Domus BWW Funding, LLC*, Case No. 22-11162(AMC) (Bankr. E.D. Pa. May 11, 2022); *In re Roosevelt Inn, LLC*, Case No. 21-11697(AMC) (Bankr. E.D. Pa. June 21, 2021); *In re Cooper-Booth Wholesale Company, L.P.*, Case No. 13-14519 (MDC) (Bankr. E.D. Pa. May 23, 2013).

15. Consistent with the Debtor's past practices, the Debtor will pay all undisputed utility invoices for post-petition services on a timely basis during its Chapter 11 proceeding.

**<u>Basis for Relief</u>**

16. Section 366 of the Bankruptcy Code states as follows:

> (b) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee of the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.
>
> (c) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On the request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.
>
> (c)(1)(A) For purposes of this subsection, the term "assurance of payment" means-
>
> (i) a cash deposit;
> (ii) a letter of credit;
> (iii) a surety bond;
> (iv) a prepayment of utility consumption; or
> (v) another form of security that is mutually agreed on between the utility and the debtor or the trustee.
>
> (B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment.
>
> (2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

> (3)(A) On request of a party in interest and after notice and hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).
>
> (B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider-
>
> (i) the absence of security before the date if the filing of the petition;
>
> (ii) the payments by the debtor of charges for utility services in a timely manner before the date of the filing of the petition; or
>
> (iii) the availability of an administrative expense priority.
>
> (4) Notwithstanding any other provision of law, with respect to a case subject to this subsection, a utility may recover or set off against a security deposit provided to the utility by the debtor before the date of the filing of the petition without notice or order of the court.

*See*, 11 U.S.C. § 366.

15. While the Bankruptcy Code specifies the form of assurance that is adequate, the amount of assurance that must be provided is solely within this Court's discretion. Courts generally look to the facts and circumstances of each case to ensure that utility companies were not subjected to an unreasonable risk of nonpayment for post-petition services. *See, e.g., In re Kevdata Cork,* 12 B.R. 156, 158 (1st Cir. BAP 1981). Courts construing 11 U.S.C. § 366(b) have long recognized that adequate assurance of payment does not constitute an absolute guaranty of the debtor's ability to pay. *See, e.g., In re Caldor, Inc. NY*, 199 B.R. 1, 3 (S.D.N.Y. 1996), *In re Penn Jersey Corp.*, 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987).

16. Further, in determining what constitutes "adequate" assurance, a bankruptcy court should "focus upon the need of the utility for assurance, and … require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *See*, *Virginia Elec. & Power Co. v. Caldor Inc. NY,* 117 F.3d 646, 650 (2d Cir. 1997) (quoting *Penn Jersey*, 72 B.R. at 985).

17. As set forth above, if the Utility Companies are permitted to terminate utility services on the twenty-first day after the Petition Date, a substantial disruption of the Debtor's operations will occur, and the Debtor's business will be irreparably harmed. If faced with imminent termination of utility services, the Debtor would then be forced to pay whatever amounts are demanded by the Utility Companies to avoid the cessation of essential utility services and, ultimately, the demise of its business.

18. Accordingly, based on the foregoing facts and authorities, the Debtor believes that granting the relief requested herein will not prejudice the rights of the Utility Companies under § 366 of the Bankruptcy Code.

19. Additionally, this Court has the authority to grant the relief requested herein under 11 U.S.C. § 105(a), which permits the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See*, 11 U.S.C. § 105(a). In that regard, the Court should note that payments to the Utility Companies on behalf of the Debtor is essential to the Debtor's case in that any failure to receive services from the Utility Companies will invariably result in a disruption in the Debtor's operations, and a consequent interruption of revenues received directly from them.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Debtor respectfully requests the entry of an Order (i) granting the relief requested herein and (ii) granting such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ *Aris J. Karalis*
ARIS J. KARALIS
ROBERT W. SEITZER
ROBERT M. GREENBAUM
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
akaralis@karalislaw.com
rseitzer@karalislaw.com
rgreenbaum@karalislaw.com

*Proposed Attorneys for the Debtor*

Dated: November 21, 2025