**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **DAN LEPORE & SONS COMPANY,**[1] | : | **Case No. 25-14757 (AMC)** |
| | : | |
| **Debtor.** | : | |
| | : | |

**APPLICATION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF ASTERION, INC. AS FINANCIAL ADVISORS PURSUANT TO 11 U.S.C. §§ 327 AND 328 AND FED. R. BANKR. P. 2014**

Dan Lepore & Sons Company (the "Debtor"), by and through its counsel, Karalis PC, hereby respectfully applies (the "Application") for the entry of an Order (i) authorizing the retention of Asterion, Inc. ("Asterion") as financial advisors pursuant to 11 U.S.C. §§ 327(a) and 328 and Fed. R. Bankr. P. 2014, and in support thereof, respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a), 327 and 328 and Fed. R. Bankr. P. 2014.

## BACKGROUND

4. On November 21, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtor is operating its business and managing its property as a debtor in

[1] The last four digits of the Debtor's federal tax identification number are (3562). The Debtor has an address at 501 Washington Street, Conshohocken, PA 19428.

possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6. A description of the Debtor's business and the facts precipitating the filing of its Chapter 11 proceeding is set forth in the Declaration of Gregory J. Lepore in Support of Chapter 11 Petition and First Day Motions filed contemporaneously herewith. Those facts, to the extent relevant, are incorporated herein by reference.

**PROPOSED RETENTION OF ASTERION**

7. The Debtor seeks to employ and retain Asterion as its financial advisors pursuant to the terms set forth herein.

8. The Debtor has determined, in the exercise of its business judgment, that it requires an experienced financial advisor to provide certain services including, but not limited to, the following:

a. Assist management in preparing short-term cash flow projections and in modifying and updating such projections, as required;

b. Assist management in assessing the Debtor's strategic options, and developing the related financial projections;

c. Assist management in the development and preparation of an operating plan and longer-term cash flow projections as well as the presentation of such plans, as requested;

d. Assist management and counsel with the Chapter 11 filing, if necessary, including assistance various motions such as financing and other tasks as requested by management and/or counsel as may be necessary to provide for an orderly filing;

e. Assist management in the development of the financial aspects of a restructuring plan, including preparation of financial projections, liquidation analysis and other schedules in support of the plan of reorganization process;

f. Assist management, as requested, with requests for due diligence support;

g. Assist the Debtor with the preparation of reports and communications with the Debtor's creditor constituencies;

h. Assist the Debtor with the preparation and review of the various reporting

requirements of the Court during the Chapter 11 proceeding, if necessary;

i. Assist with the development, evaluation, negotiation and execution of any potential plan of reorganization or restructuring transaction;

j. Assist the Debtor in the negotiations with lenders, creditors, and other parties-in-interest regarding any potential plan of reorganization or restructuring transaction, as requested;

k. Assist management in preparing the Debtor to present itself to sources of equity, financing, and/or potential acquirers and advise management throughout the attendant discussions and negotiations, as requested;

l. Assist with the analysis and reconciliation of claims against the Debtor;

m. Provide testimony at any hearings that constitute part of the Chapter 11 process, including, without limitation, financial matters relating to a plan of reorganization, the feasibility of such reorganization plan and the valuation attributed to the entity;

n. Interact with other retained professionals, such as attorneys and accountants, and lenders and creditors' committee, if any, and other parties-in-interest;

o. Potential expert testimony; and

p. Perform such other tasks as appropriate and as may be requested by the Debtor's management or the Debtor's counsel.

9. The Debtor selected Asterion as its financial advisors because of Asterion's extensive and diverse experience, knowledge and reputation in the field.

10. Asterion is not an insider or affiliate of the Debtor.

11. Asterion is not a creditor of the Debtor and never received any payments from the Debtor.

12. The Debtor understands that the compensation terms of Asterion, subject to periodic adjustment to reflect the increased experience of its staff and changing market conditions, are:

| | |
|---|---|
| Principals and Managing Directors | $325 - $595/hour |
| Senior Consultants | $225 - $370/hour |
| Associates and Staff | $100 - $245/hour |

13. Asterion will also seek to be reimbursed for reasonable out-of-pocket expenses.

14. Any and all compensation to be paid to Asterion for services rendered and costs incurred on the Debtor's behalf shall be fixed by application to this Court in accordance with §§ 330 and 331 of the Bankruptcy Code, such Rules of Local and Federal Bankruptcy Procedure as may then be applicable, and/or any alternative arrangement for interim compensation as may be authorized by the Court.

15. To the best of the Debtor's knowledge, (i) Asterion does not have any connection with the Debtor, its creditors or any other party in interest, or their respective attorneys and accountants, (ii) is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and (iii) does not hold or represent any interest adverse to the Debtor or its estate, except as set forth in the Verified Statement of Gregory Harris, MBA (the "Verified Statement"). The Verified Statement is attached hereto as Exhibit "A" and made a part hereof.

## RELIEF REQUESTED

16. By this Application, the Debtor requests that the Court enter an order authorizing the employment of Asterion as its financial advisors to provide the services described herein pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014.

17. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

18. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of … other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

19. Lastly, 11 U.S.C. § 328 provides in relevant part: "[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under Section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." *See*, 11 U.S.C. § 328(a).

20. The Debtor contends that Asterion's employment is necessary and in the best interests of the Debtor's estate.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order (i) granting the relief requested herein and (ii) providing such other and further relief as this Honorable Court deems just and reasonable.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ARIS J. KARALIS
ROBERT W. SEITZER
ROBERT M. GREENBAUM
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
akaralis@karalislaw.com
rseitzer@karalislaw.com
rgreenbaum@karalislaw.com

*Attorneys for the Debtor*

Dated: November 21, 2025