**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **DAN LEPORE & SONS COMPANY,[1]** | : | **Case No. 25-14757 (AMC)** |
| | : | |
| **Debtor.** | : | |
| | : | |

**APPLICATION PURSUANT TO 11 U.S.C. § 327(a) OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY KARALIS PC AS BANKRUPTCY COUNSEL**

The above-captioned debtor, Dan Lepore & Sons Company (the "Debtor"), submits this application for entry of an order authorizing and approving the employment of Karalis PC ("KPC") as counsel for the Debtor pursuant to 11 U.S.C. § 327(a) and respectfully states as follows:

**BACKGROUND**

1. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under Title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. A description of the Debtor's business and the facts precipitating the filing of its Chapter 11 proceeding is set forth in the Declaration of Gregory J. Lepore in Support of Chapter 11 Petition and First Day Motions filed contemporaneously herewith. Those facts, to the extent relevant, are incorporated herein by reference.

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

[1] The last four digits of the Debtor's federal tax identification number are (3562). The Debtor has an address at 501 Washington Street, Conshohocken, PA 19428.

**RETENTION OF KPC**

5. The Debtor desires to employ the law firm of KPC as its general bankruptcy counsel for all matters relating to this bankruptcy case, and respectfully requests the entry of an order, pursuant to Section 327(a) of the Bankruptcy Code, authorizing it to employ and retain KPC as its attorneys to perform the legal services that will be necessary during the chapter 11 case.

6. The Debtor seeks to retain KPC as counsel because of the firm's experience and knowledge in bankruptcy law and related matters, its experience and knowledge practicing before this Court, and its knowledge of the Debtor's business, indebtedness, and capital structure. Accordingly, the Debtor believes that KPC is well qualified to represent it in this case.

7. The professional services that KPC shall render are necessary to enable the Debtor to execute its duties as a debtor and debtor-in-possession. Subject to further Order of this Court, KPC will render the following professional services:

a. Advise the Debtor of its rights, powers, and duties as a debtor-in-possession;

b. Prepare on behalf of the Debtor or assist the Debtor in preparing all necessary pleadings, motions, applications, complaints, answers, responses, orders, United States Trustee reports, and other legal papers;

c. Advise the Debtor concerning, and assist in the negotiation and documentation of, the use of cash collateral and/or debtor-in-possession financing, debt restructuring and related transactions;

d. Review the nature and validity of agreements relating to the Debtor's business and advise the Debtor in connection therewith;

e. Review the nature and validity of liens, if any, asserted against the Debtor

and advise as to the enforceability of such liens;

f. Advise the Debtor concerning the actions it might take to collect and recover property for the benefit of its estate;

g. Assist the Debtor in any matter involving contests with secured or unsecured creditors, including the claims reconciliation process;

h. Assist the Debtor in providing legal services required to prepare, negotiate and implement a plan of reorganization; and

i. Perform all other legal services for the Debtor which may be necessary in the administration of its chapter 11 case, other than those requiring specialized expertise for which special counsel, if necessary, may be employed.

8. KPC has stated its desire and willingness to act in this case and render the necessary professional services as counsel for the Debtor.

9. To the best of the Debtor's knowledge, KPC does not have any connection with or interest adverse to the Debtor, the Debtor's creditors, any other party-in-interest, or the Office of the United States Trustee (including its attorneys), except as may be set forth in the attached verified statement of Aris J. Karalis, Esquire (the "Karalis Statement"). The Karalis Statement is attached hereto as Exhibit "A" and made a part hereof.

10. KPC represents no interest adverse to the Debtor or its estate in the matters upon which it is to be engaged as attorneys for the Debtor and is a disinterested person within the meaning of § 101(14) of the Bankruptcy Code.

11. The Debtor, subject to the provisions of the Bankruptcy Code, and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), proposes to pay KPC its customary hourly rates in effect from time to time.

12. The Debtor understands that KPC hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of this Court for all services performed and expenses incurred after the Petition Date.

13. The Debtor believes that the retention and employment of KPC would be in the best interest of the Debtor, the Debtor's estate and all parties-in-interest.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order authorizing the Debtor to employ Karalis PC to represent it in this case.

**DAN LEPORE & SONS COMPANY,**

By: ______________________________
Gregory J. Lepore, President

Dated: November 21, 2025